William J. Maledon, 003670
Dawn L. Dauphine, 010833
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
wmaledon@omlaw.com
ddauphine@omlaw.com

**Attorneys for Plaintiff Tessenderlo Kerley, Inc.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tessenderlo Kerley, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Purebase Corporation,<br><br>Defendant. | Case No. _____<br><br>**VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING AND RELATED STATE LAW CLAIMS**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Tessenderlo Kerley, Inc. ("TKI"), by and through undersigned counsel, for its complaint against Defendant Purebase Corporation ("Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff TKI is the registered owner of the trademark PURSHADE. Purshade is a solar protectant that reduces damaging ultraviolet and infrared radiation on agricultural crops while still allowing photosynthesis to occur. When applied to plants, Purshade, which is made with calcium carbonate, forms a dry, semi-opaque film that acts as a barrier to harmful sunlight.

2. In violation of Plaintiff TKI's trademark, Defendant has been manufacturing and selling a product with a confusingly similar name − Purebase Shade Advantage ("Purebase Shade") − as a competing solar protectant for agricultural crops.

When applied to plants, Purebase Shade, which is made with kaolin instead of calcium carbonate, looks nearly identical to Purshade.

3. Plaintiff TKI also sells a leading agricultural insecticide called Surround. Surround is made with kaolin, which has insecticidal qualities. Upon information and belief, Defendant has also been confusing customers by representing that its kaolin-based Purebase Shade product has insecticide qualities even though Purebase Shade has not been registered as an insecticide.

4. This is an action for infringement of Plaintiff's federally-registered trademark PURSHADE under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related state law claims. These claims arise from Defendant's unauthorized use of the mark PUREBASE SHADE and from Defendant's knowing and intentional misrepresentations that Purebase Shade is an effective insecticide and is a federally registered trademark, all in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's goods.

5. Plaintiff TKI seeks injunctive and monetary relief.

## JURISDICTION AND PARTIES

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the federal Lanham Act. Additionally, upon information and belief, this Court has diversity jurisdiction under 28 U.S.C. § 1332, as this action is between citizens of different states and the matter in controversy exceeds the jurisdictional value of $75,000 exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant. Defendant has purposefully directed into the State of Arizona goods and activities out of which the claims arise and which have harmed TKI, and the exercise of jurisdiction comports with due process.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) in that Defendant resides in this district within the meaning of 28 U.S.C. § 1391(c)(2), and under 28 U.S.C. §

1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in this district.

9. Plaintiff TKI is a Delaware corporation with its principal place of business in Phoenix, Arizona. In 2011, Plaintiff TKI acquired the entire interest and good will of the federally registered trademark PURSHADE from the registered owner and registered the assignment with the U.S. Patent and Trademark Office. Plaintiff TKI sells Purshade in Arizona and nationwide through its business unit NovaSource.

10. Upon information and belief, Defendant Purebase is a Nevada corporation with its principal place of business in Ione, California. Upon information and belief, Defendant sells its goods bearing the Infringing Mark through distributors in Arizona and other states, and has made false representations in connection with its promotion and distribution of those goods.

**FACTUAL ALLEGATIONS**

11. Among other things, Plaintiff TKI serves the agriculture market with products and technologies to increase crop protection and production, including the manufacture and sale of Purshade. Plaintiff TKI's Purshade is a solar and heat stress protection product sold throughout the United States and abroad.

12. On June 30, 2009, PURSHADE was granted federal trademark registration number 3,648,622 on the Principal Register by the United States Patent and Trademark Office. The trademark was granted to Purfresh, Inc. for "chemicals used in agriculture, namely, sunscreen applied to fruits, vegetables, nuts and trees to prevent damage due to sun exposure." Attached as **Exhibit 1** is a true and accurate copy of the registration certification, Reg. No. 3,648,622, for the PURSHADE Mark.

13. In 2011, Plaintiff TKI acquired from Purfresh, Inc. all rights to the PURSHADE Mark, including the goodwill. Plaintiff TKI registered its assignment of the PURSHADE trademark with the Patent and Trademark Office. Attached as **Exhibit 2** is a true and accurate copy of the registration assignment for the PURSHADE Mark, expressly confirming that Plaintiff TKI is the current owner of the PURSHADE Mark.

14. Plaintiff TKI is the owner of the valid and subsisting United States trademark for PURSHADE, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

15. Since acquiring rights to the trademark in 2011, Plaintiff TKI has used the PURSHADE Mark in commerce throughout the United States continuously in connection with the manufacture, distribution, sale, marketing, advertising and promotion of its solar protectant goods. Attached as **Exhibit 3** are true and accurate copies of representative samples showing Plaintiff TKI's use of the PURSHADE Mark in connection with these goods.

16. As a result of its widespread, continuous, and exclusive use of the PURSHADE Mark to identify its solar protectant goods, Plaintiff TKI owns valid and subsisting federal statutory and common law rights to the PURSHADE Mark.

17. Plaintiff TKI's PURSHADE Mark is distinctive to both the consuming public and Plaintiff TKI's trade. Consumers identify the PURSHADE Mark with TKI.

18. Plaintiff TKI has expended substantial time, money and resources marketing, advertising, and promoting its goods under the PURSHADE Mark, including through its marketing, advertising, and promotional efforts and channels for goods. Among other things, Plaintiff TKI's business unit NovaSource sells Purshade through distributors of agricultural products in Arizona and other states.

19. Plaintiff TKI's Purshade product is of high quality and enjoys a positive reputation. The product does not contain any measurable levels of crystalline silica, which can be harmful to humans and is a known carcinogen. However, Purebase Shade does contain crystalline silica.

20. As a result of Plaintiff TKI's expenditures and efforts, the PURSHADE Mark has come to signify high quality, and has acquired significant distinction, reputation and goodwill belonging exclusively to Plaintiff TKI.

21. Plaintiff TKI has not permitted its PURSHADE Mark to be used by others and has, instead, retained exclusive use of the mark.

22. Without Plaintiff TKI's authorization, and upon information and belief, Defendant is engaged in manufacturing, marketing, distributing, advertising and promoting in U.S. commerce a competing, potentially hazardous due to the presence of crystalline silica, and inferior solar protectant product for agriculture under the mark PUREBASE SHADE ADVANTAGE ("PUREBASE SHADE Mark" or the "Infringing Mark").

23. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff TKI's PURSHADE Mark. The Infringing Mark (*i.e.*, PUREBASE SHADE) bears the same words "pur(e)" and "shade" and is an agricultural product intended for the same purpose as Plaintiff TKI's Purshade. Attached as **Exhibit 4** are true and accurate copies of representative samples of Defendant's website and advertising/promotional materials.

24. Upon information and belief, Defendant applied for federal registration of the infringing PUREBASE SHADE Mark but has not successfully registered PUREBASE SHADE.

25. Plaintiff TKI has priority of use of the PURSHADE Mark. Upon information and belief, Defendant was aware of Plaintiff TKI's prior use of the PURSHADE Mark before it began use of the PUREBASE SHADE Mark.

26. According to Defendant's website, Defendant markets its goods bearing the Infringing Mark through a national distributor program to "co-market" to local governments, industry and end consumers, "with the ultimate, common goal of offering customers our suite of new and powerful products and solutions in their local markets." Defendant also markets through "partner" relationships with companies to sell to the companies' customers. See Ex. 4.

27. Upon information and belief, Defendant has entered into distribution agreements with companies in California, Arizona, and elsewhere for distribution of its goods with the Infringing Mark. Defendant has publicly announced that it has shipped and supported distribution of goods with the Infringing Mark throughout Western

- 5 -

Arizona and elsewhere. Attached as **Exhibit 5** is a true and accurate copy of Defendant's news release dated June 13, 2017, announcing that "Purebase has shipped and technically supported distributors to achieve a successful market insertion for the first selling season of Purebase Shade Advantage (WP) throughout Western Arizona and Southern California …."

28. Upon information and belief, distributors of agricultural products sell both Purshade and Purebase Shade to aerial applicators who spray the product on agricultural crops for growers. The two products, when applied to agricultural crops, look nearly identical.

29. According to Defendant's public statements, Defendant claims to have registered its Purebase Advantage products with the Arizona Department of Agriculture, including its Purebase Shade product. Attached as **Exhibit 6** is a true and accurate copy of Defendant's website announcement. The website announcement states in part that "Purebase Reports the Registration of Purebase Shade Advantage (WP)®" and that "this latest registration will expand the marketability and opportunities in the Arizona Agricultural community, while synchronously fortifying the distributions of Purebase Shade Advantage (WP)® …."

30. As shown in Ex. 6, Defendant has falsely stated that it has a federally registered trademark for the Infringing Mark by using the registered trademark symbol "®" with the mark PUREBASE SHADE.

31. Upon information and belief, Defendant's goods offered under the Infringing Mark are inferior to Plaintiff TKI's Purshade product. For example, Defendant's goods bearing the Infringing Mark have a high level of crystalline silica, which is a known pulmonary carcinogen.

32. Upon information and belief, Defendant has suggested and/or represented that its Purebase Shade product is an effective insecticide and/or pesticide because it contains ingredients recognized as an effective insecticide/pesticide. Upon information and belief, Defendant's Purebase Shade product is not registered as an insecticide or

- 6 -

pesticide with the Environmental Protection Agency or with the Arizona Department of Agriculture. As a result, Defendant is engaged in unfair competition with Plaintiff TKI's Surround product, which is registered as a pesticide with the Environmental Protection Agency and with the Arizona Department of Agriculture.

33. Upon information and belief, Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of origin of Defendant's goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated or affiliated with, or otherwise authorized by Plaintiff TKI, that Defendant's Infringing Mark is a federally registered mark, that Defendant's goods are of equal quality to Plaintiff TKI's Purshade product, and that Defendant's Purebase Shade is an effective insecticide/pesticide.

34. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff TKI's PURBASE Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff TKI's goods to the Defendant.

35. Upon information and belief, Defendant's acts are causing, and unless restrained, will continue to cause damages and irreparable harm to Plaintiff TKI and to its valuable reputation and goodwill with the consuming public for which Plaintiff TKI has no adequate remedy at law.

### COUNT ONE: FEDERAL TRADEMARK INFRINGEMENT

36. Plaintiff TKI re-alleges all preceding paragraphs as if fully set forth herein.

37. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff TKI, or that Defendant is in some way affiliated with or sponsored by Plaintiff TKI.

Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff TKI's prior rights in the PURSHADE Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

39. Upon information and belief, Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff TKI, and to its goodwill and reputation, and will continue to both damage Plaintiff TKI and confuse the public unless enjoined by this Court.

40. Plaintiff TKI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO: FEDERAL UNFAIR COMPETITION IN VIOLATION OF LANHAM ACT § 43(a)(1)(A)**

41. Plaintiff TKI re-alleges all preceding paragraphs as if fully set forth herein.

42. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes a designation or false designation of origin within the meaning of Lanham Act § 43(a)(1)(A).

43. Upon information and belief, Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff TKI, or that Defendant is in some way affiliated with or sponsored by Plaintiff TKI.

44. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff TKI.

45. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

46. Upon information and belief, Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff TKI, and to its goodwill and reputation, and will continue to both damage Plaintiff TKI and confuse the public unless enjoined by this Court.

47. Plaintiff TKI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE: FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING IN VIOLATION OF LANHAM ACT § 43(a)(1)(B)

48. Plaintiff TKI re-alleges all preceding paragraphs as if fully set forth herein.

49. Upon information and belief, Defendant has knowingly and intentionally used in commercial advertising and promotion in interstate commerce the registered trademark symbol "®" with its Infringing Mark. Defendant's Infringing Mark is not a federally registered mark.

50. Defendant's false and misleading use of the registered trademark symbol "®" with its Infringing Mark is a knowing and intentional misrepresentation of the true nature and characteristics of its goods.

51. Upon information and belief, Defendant has knowingly and intentionally represented in commercial advertising and promotion in interstate commerce that its goods bearing the Infringing Mark have insecticide and/or pesticide properties. Upon information and belief, Defendant's goods bearing the Infringing Mark do not have sufficient insecticide and/or pesticide properties to warrant the representation, for the goods have not been registered with the EPA for that purpose.

52. Upon information and belief, Defendant's false and misleading representation that its goods bearing the Infringing Mark have insecticide and/or pesticide properties is a knowing and intentional misrepresentation.

53. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception.

54. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

55. Upon information and belief, Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff TKI, and to its goodwill and reputation, and will continue to both damage Plaintiff TKI and confuse the public unless enjoined by this Court.

56. Plaintiff TKI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT FOUR: ARIZONA COMMON LAW TRADEMARK INFRINGEMENT**

57. Plaintiff TKI re-alleges all preceding paragraphs as if fully set forth herein.

58. Plaintiff TKI owns common law rights to the PURSHADE Mark in Arizona and throughout the United States.  Such rights are prior to any rights that Defendant may claim to have in the PUREBASE SHADE Mark.

59. Upon information and belief, Defendant's use of the similar mark PUREBASE SHADE is likely to confuse consumers into mistakenly believing that Defendant's product is the same as Plaintiff TKI's Purshade product, originated from Plaintiff TKI, or is authorized by, approved by, or affiliated with Plaintiff TKI's Purshade product

60. Upon information and belief, Defendant's use of the PUREBASE SHADE Mark is intentional to deceive consumers, and is causing and will continue to cause immediate and irreparable harm to Plaintiff TKI unless an injunction is granted.

61. Plaintiff TKI is entitled to, among other things, injunctive relief and actual damages.

### COUNT FIVE: ARIZONA COMMON LAW UNFAIR COMPETITION

62. Plaintiff TKI re-alleges all preceding paragraphs as if fully set forth herein.

63. Plaintiff TKI owns common law rights to the PURSHADE Mark in Arizona and throughout the United States. Such rights are prior to any rights that Defendant may claim to have in the PUREBASE SHADE Mark.

64. Upon information and belief, Defendant's use of the PUREBASE SHADE Mark causes confusion to consumers by causing them to believe they are buying something that they are not. Upon information and belief, Defendant's use of the PUREBASE SHADE Mark is intentional to deceive consumers,

65. Upon information and belief, Defendant's use of the registered trademark "®" with its Infringing Mark causes confusion to consumers by causing them to believe they are buying something that they are not. Upon information and belief, Defendant's use of the symbol "®" with its Infringing Mark is intentional to deceive consumers.

66. Upon information and belief, Defendant's suggestion and representations that its Purebase Shade product has insecticide and/or pesticide properties is a knowing and intentional misrepresentation of the true nature, characteristics, and qualities of its goods, and is intended to and does cause confusion to customers.

67. Defendant's actions alleged herein constitute unfair competition under Arizona common law.

68. Upon information and belief, Defendant's actions as alleged herein are causing and will continue to cause immediate and irreparable harm to Plaintiff TKI unless an injunction is granted.

69. Plaintiff TKI is entitled to, among other things, injunctive relief and actual damages.

### COUNT SIX: UNJUST ENRICHMENT

70. Plaintiff TKI re-alleges all preceding paragraphs as if fully set forth herein.

- 11 -

71.     Plaintiff TKI has expended substantial sums in creating goodwill for the Purshade Mark.

72.     Upon information and belief, Defendant has knowingly and intentionally used a mark that is confusing to consumers in order to make use of Plaintiff TKI's intangible goodwill in the Purshade Mark. Such use has been without authorization from Plaintiff TKI.

73.     Upon information and belief, Defendant has diverted substantial profits from Plaintiff TKI to itself and has avoided costs by unfairly and unjustly trading on goodwill created by Plaintiff TKI. Defendant has been unjustly enriched to Plaintiff TKI's detriment.

74.     Defendant is not entitled to retain profits derived from its wrongful actions in trading on the goodwill of the Purshade Mark.

WHEREFORE, Plaintiff TKI requests judgment against Defendant as follows:

1.     An order declaring that Defendant has violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

2.     An order declaring that Defendant has violated Section 43(a)(1) and Section 43(a)(2) of the Lanham Act, 15 U.S.C. § 1125(a)(1), (2);

3.     An order declaring that Defendant has violated Arizona statutory and common law;

4.     An order declaring that Defendant has been unjustly enriched at Plaintiff TIK's expense;

5.     An order granting preliminary and permanent injunctive relief immediately enjoining Defendant from:

(a)     manufacturing, distributing, selling, marketing, advertising, promoting or authorizing any third party from manufacturing, distributing, selling, marketing, advertising, or promoting Defendant's goods bearing or incorporating the Infringing Mark;

        (b) claiming, suggesting or representing that any of Defendant's products are effective insecticides or pesticides unless the products are properly registered as such;

        (c) engaging in any activity that infringes Plaintiff TKI's rights in its Purshade trademark;

        (d) engaging in any activity constituting unfair competition with Plaintiff TKI;

        (e) making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, associated, affiliated or otherwise connected with Plaintiff TKI or (ii) Plaintiff TKI's goods are in any manner approved, endorsed, licensed, sponsored, authorized, associated, affiliated or otherwise connected with Defendant;

        (f) registering or applying to register any trademark, service mark, domain name, trade name or other source identifier consisting of or incorporating the mark Purebase Shade Advantage or any other mark that infringes or is likely to be confused with Plaintiff TKI's PURSHADE Mark;

        (g) using the registered trademark symbol "®" in connection with the PUREBASE SHADE Mark;

    6.    An order directing Defendant to recall and destroy all goods and all advertising, promotional and related materials bearing or incorporating the Infringing Mark;

    7.    An order directing Defendant to abandon any and all applications to register the Infringing Mark and/or any goods bearing or incorporating the Infringing Mark;

    8.    An order directing Defendant to cancel any and all registrations of the Infringing Mark and/or destroy any goods bearing or incorporating the Infringing Mark;

    9.    An order awarding Plaintiff TKI up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) and Arizona statutory and common law;

10. An order directing that Defendant account to and pay over to Plaintiff TKI all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Plaintiff TKI for its damages;

11. An order declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), and awarding Plaintiff TKI its costs and reasonable attorneys' fees;

12. An order awarding Plaintiff TKI interest, including prejudgment and post-judgment interest; and

13. Granting such other relief as the Court may deem just and fair.

DATED this 30th day of August, 2018.

OSBORN MALEDON, P.A.


s/ Dawn L. Dauphine
William J. Maledon
Dawn L. Dauphine
2929 North Central Avenue, Suite 2100
Phoenix, AZ  85012-2793
**Attorneys for Plaintiff**

7738524

# VERIFICATION

I, Jonathan Akins, hereby state as follows:

1. I am Head of Crop Protection of Plaintiff Tessenderlo Kerley, Inc. in this action.

2. I have read the foregoing Verified Complaint for Trademark Infringement, Unfair Competition, False Advertising and Related State Law Claims, and know the facts therein stated to be true and accurate, except as to the facts stated upon information and belief, and as to those facts, I believe them to be true and accurate.

3. I verify under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, understanding, and belief.

Dated this 29th day of August, 2018.

_____
Jonathan Akins